Mr. William Puppione 437 Keightly Little Rock, AR 72207
Dear Mr. Puppione:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA" or "act") (A.C.A. §§ 25-19-101 to -107). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 1993), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the act.
You state that the Arkansas Democrat-Gazette has requested access to your personnel files, and that you have been notified by the Department of Arkansas Heritage ("Department") that your personnel file will be released. You also state that your employment with the Department was terminated on April 12, 1995. You have requested an opinion as to "what documents in [your] personnel file may be improper or illegal to disclose prior to the final determination of the issue of [your] termination."
Please note that I have enclosed a copy of Attorney General Opinion95-109, which was also separately copied to you on the date of issuance. This opinion addresses the question of the release of employee evaluation and job performance records in connection with your recent termination. Your question regarding the legality of disclosing such records prior to a final determination of your termination is, I believe, fully addressed in that opinion.[1]
With regard to "personnel records" in your personnel file, it must be noted that a different standard for disclosure is established as to these records. In accordance with A.C.A. § 25-19-105(b)(10) (Repl. 1993), personnel records "shall not be deemed to be made open to the public . . . to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." I have enclosed a copy of a previously issued opinion which addresses the disclosure of the contents of a personnel file. Op. Att'y Gen. 93-076. This opinion outlines the type of information that has been deemed to constitute a "clearly unwarranted invasion of personal privacy" such that deletion is required prior to release of the record.[2]
The Department of Arkansas Heritage has stated, in response to the FOIA request for access to your personnel files, that it intends to ensure that your privacy interests are protected. Letter from Mark Christ to Julian E. Barnes (April 19, 1995). I assume that this is in recognition of the fact that the files contain information that should be deleted, as set forth in Opinion 93-076 (enclosed herein). I do not know what specific information the Department intends to excise, and thus I cannot provide a conclusive opinion regarding the custodian's decision(s) in this regard. It should be noted, however, that social security numbers and information regarding marital status and medical history must be deleted. Id. Payroll deductions, insurance coverage information, and similar records that would divulge intimate financial details should also be excised. See Ops. Att'y Gen. 94-198 and 87-442. Amounts withheld for state and federal tax purposes must, additionally, be deleted. Op. Att'y Gen. 91-093. As stated in Opinion 93-076, however, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries, training or education background, and work experience of public employees.
As stated, I assume that the custodian of the records in this instance intends to follow these guidelines before releasing your personnel records. The records are, generally, subject to public disclosure following removal of the information noted herein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As stated in Opinion 95-109, it is my understanding that there has been a final administrative resolution of your termination. It has been stated in this regard that the term "final administrative resolution" (A.C.A. § 25-19-105(c)(1)), "should be construed to mean the final decision-making step taken by the employing entity. . . ." J. Watkins,The Arkansas Freedom of Information Act 134 (2d ed. 1994). If there is no review of that decision, then the termination is considered "final" for purposes of this provision of the FOIA. Id., citing Op. Att'y Gen.90-292.
[2] The requirement under § 25-19-105(c)(1) regarding "final administrative resolution of any . . . termination proceeding" does not apply in the case of personnel records. "Personnel records" are distinct under the FOIA from "employee evaluation or job performance records."